**Richard RAMSDELL, an individual, on behalf of himself and others similarly situated, Plaintiff—Appellee,**

v.

**LENSCRAFTERS, INC., an Ohio corporation, Defendant— Appellant.**

No. 04–15022.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2005.*

Decided June 21, 2005.

Robert Samuel Boulter, Esq., The Legal Solution Group, LLP, San Rafael, CA, for Plaintiff—Appellee.

James L. Morris, Esq., Rutan & Tucker, Costa Mesa, CA, for Defendant—Appellant.

Before: REAVLEY,** T.G. NELSON, and RAWLINSON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

MEMORANDUM ***

1. The district court correctly denied LensCrafters' motion to compel arbitration. Under California law, the prohibition of class action lawsuits in arbitration agreements is unconscionable. *See, e.g., Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1175–76 (9th Cir.2003) (holding that the bar on class-wide arbitration in Circuit City's arbitration agreement with its employees was substantively unconscionable under California law); *Ting v. AT & T,* 319 F.3d 1126, 1150 (9th Cir.2003) ("we affirm the district court's conclusion that the class-action ban violates California's unconscionability law."); *Szetela v. Discover Bank,* 97 Cal.App.4th 1094, 1096, 118 Cal.Rptr.2d 862 (2002) (holding that the prohibition of class actions in an arbitration agreement is unconscionable and unenforceable). The same can be said for that portion of the arbitration agreement granting LensCrafters' CEO the unilateral power to modify the agreement. *See Ingle,* 328 F.3d at 1179 ("we conclude that the provision affording Circuit City the unilateral power to terminate or modify the contract is substantively unconscionable.").

2. We are aware that the California Supreme Court has granted review in *Discover Bank v. Superior Court,* 129 Cal. Rptr.2d 393 (Cal.App.2003), *review granted,* 132 Cal.Rptr.2d 526, 65 P.3d 1285 (April 9, 2003), and *Mandel v. Household Bank (Nevada), Nat'l Ass'n,* 129 Cal. Rptr.2d 380 (Cal.App.2003), *review granted,* 132 Cal.Rptr.2d 525, 65 P.3d 1284 (April 9, 2003). Nevertheless, we have no authority as a panel to deviate from our binding precedent. *See General Const.*

*Co. v. Castro,* 401 F.3d 963, 975 (9th Cir. 2005) ("we are bound by decisions of prior panels unless an en banc decision, Supreme Court decision or subsequent legislation undermines those decisions.") (citation and alteration omitted).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the